)       Craig Cunningham

)       Plaintiff, pro se

)

)              v.

CIVIL ACTION NO.

)

)       Student Debt Relief Center, LLC, Mike Moretti, and  Mike bianchi

)       John/Jane Does 1-5

)       Defendants.


**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Student Debt Relief Center, LLC is a California Corporation operating from 19191 S. Vermont Ave, ste 480, Torrance, California 90502 or 9107 Wilshire Blvd ste 450, Beverly Hills, CA 90210 and can be served via registered agent Corporation Service Company dba CSC Lawyers Incorporating Service 2711 Centerville Rd ste 400, Wilmington, DE 19808

3. Michael bianchi is upon information and belief an officer of Student Debt Relief Center, LLC and is responsible for the illegal calls placed to the Plaintiff in this

case. He can be served at the company address of 19191 S. Vermont ave ste 480, Torrance, CA 90502.

4. Mike Moretti is an officer of Student Debt Relief Center, LLC and is responsible for the illegal calls placed to the Plaintiff in this case. He can be served at the company address of 19191 S. Vermont Ave, ste 480 Torrance, CA 90502 or via registered agent: Corporation Service Company DBA CSC lawyers Incorporating Service, 2711 Centerville, Rd., Ste 400 Wilmington DE 19808.

5. The John/Jane Doe defendants are the currently unknown parties/entities that are responsible or liable for the calls placed to the Plaintiff in this case.

**Jurisdiction**

6. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing thousands of phone calls to consumers in the state of Tennessee as part of a sustained and lengthy robocall marketing campaign in which thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

7. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

8.  In 2015, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-348-1977 at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

9.  The calls also contained multiple versions of pre-recorded messages, for example *"If your student loan is in a default or collection status, help is available now. To see if you are eligible for the new student loan forgiveness program, press 1 now. Your payments may be reduced by up to 75%"*

10. By making automated calls with pre-recorded messages to the Plaintiff's cell phone, the defendants violated 47 USC 227(b) as they did not have consent from the Plaintiff to do so. This entitles the Plaintiff to recover up to $1500 per call for violations of this subsection of the TCPA.

11. Notably absent from the call is any identification of the person or entity making the calls or for whose behalf the calls are being made. This is a violation of 47 USC 227(c) as codified by 47 CFR 64.1200(d) which requires this information to be included with any pre-recorded messages. Additionally, the calls were made without a written policy on telemarketing, training of personnel engaged in telemarketing, and the use/existence of a do-not-call list. The Defendants also failed to maintain a policy regarding a do not call list. This entitles the Plaintiff to

an additional $1500 per call for each and every call for a total recovery of $3,000 per call.

12. The Plaintiff has attached the paperwork with sensitive information redacted, which the defendants emailed over to the Plaintiff after "qualifying" the plaintiff.[1]

13. Even after qualifying the Plaintiff for the program and emailing over paperwork to participate in the program, the Defendants continued to call again and again trying to get the Plaintiff to sign up without any apparent knowledge that the Plaintiff had already been sent over an application.

14. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or with a pre-recorded message. The Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for any of the defendants in this case.

15. More to the point, the Plaintiff's student loans aren't in a default or collection status and the Plaintiff has never solicited help from anyone with them.

16. The Plaintiff received phone calls on at least April 1st, April 7th, April 8th, April 1th, three times on April 9, April 1st again, March 30th, April 10th, April 8, April 6, April 1, March 31, and March 27 all in 2015 from various numbers used by the

---

[1] Exhibit A

Defendants, which the Plaintiff later determined to be associated with Defendant Student Debt Relief Center, LLC, hereafter SDRC.

17. The calls all solicited the Plaintiff that he could lower his student loan payments and are part of a new scheme targeting people struggling with student loans, but is really just a ripoff as they are in this case, charging $600 for essentially 15 minutes of data entry to consolidate consumer's student loans.

18. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the pre-recorded messages failed to state the name of the entity/individual placing the calls.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

19. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's

cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4)

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

21. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.


Respectfully submitted,

*[signature]*
Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977

April 14, 2015